MANATT, PHELPS & PHILLIPS, LLP
STEVEN M. GOLDBERG (Bar No. CA 082174)
E-mail:  sgoldberg@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:     (310) 312-4000
Facsimile:      (310) 312-4224

Attorneys for Plaintiff
MyLife Recovery Centers, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYLIFE RECOVERY CENTERS, INC., <br><br>Plaintiff,<br><br>v.<br><br>BIOCORRX INC.; TRINITY RX SOLUTIONS, LLC; HARRICO-GALLER DRUG CORP.; TAK MANAGEMENT, LLC; START FRESH RECOVERY, P.C.; and GEORGE FALLIERAS, an individual;<br><br>Defendants. | **CASE NO. 15-cv-1962**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MyLife Recovery Centers, Inc. (herein "MyLife") by and through its undersigned counsel, files this Complaint against BioCorRx Inc. (herein "BioCorRx"), Trinity Rx Solutions, LLC (herein "Trinity"), Harrico-Galler Drug Corp. (herein "Harrico-Galler"), TAK Management, LLC (herein "TAK"), Start Fresh Recovery, P.C. (herein "SFR"), and George Fallieras (herein "Fallieras") (collectively "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1.  This is an action for infringement of U.S. Patent No. 6,203,813 B1 entitled "Pharmaceutical Delivery Device and Method of Preparation Therefor" which was duly issued by the United States Patent and Trademark Office on March 20, 2001 (herein "the '813 patent"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

2.  This Court has personal jurisdiction over Defendants, who conduct continuous and systematic business in the United States, including, upon information and belief, in this judicial district. Defendants market, manufacture, use, offer for sale, sell, import, and/or distribute the infringing products at issue in this case throughout the United States including, upon information and belief, within this judicial district. Defendants also use, induce its customers' use of, and/or contribute to its customers' use of the infringing products at issue in this case to perform one or more patented methods of the '813 patent throughout the United States, including in this judicial district.

3.  Venue is proper within this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendants transact business within this district, offer for sale in this district products that infringe the '813 patent, and induce their customers to commit infringing acts in this district.

## THE PARTIES

4.  Plaintiff, MyLife Recovery Centers, Inc., is a Delaware corporation with its principal place of business at 4421 W. Riverside Drive, Suite 102, Toluca Lake, California 91505.

5.  Defendant BioCorRx, Inc., is a Nevada corporation with its principal place of business at 601 Parkcenter Drive, Suite 103, Santa Ana, California 92705. At all times relevant

to this lawsuit, BioCorRx made, used, sold, offered for sale, imported and/or distributed infringing products throughout the United States, and used, induced its customers' use of, and/or contributed to its customers' use of the infringing products within the United States to perform one or more of the patented methods disclosed and claimed in the '813 patent.

6. Defendant Trinity Rx Solutions, LLC is a limited liability company organized and existing under the laws of New York, and having a principal place of business at 217-21 Rockaway Point Blvd., Breezy Point, New York 11695. At all times relevant to this lawsuit, Trinity made, used, sold, offered for sale, imported and/or distributed infringing products throughout the United States, and used, induced its customers' use of, and/or contributed to its customers' use of the infringing products within the United States to perform one or more of the patented methods disclosed and claimed in the '813 patent.

7. Defendant Harrico-Galler Drug Corporation is a New York corporation with its principal place of business at 1409 Coney Island Ave., Brooklyn, New York 11230. At all times relevant to this lawsuit, Harrico-Galler made, used, sold, offered for sale, imported and/or distributed infringing products throughout the United States, and used, induced its customers' use of, and/or contributed to its customers' use of the infringing products within the United States to perform one or more of the patented methods disclosed and claimed in the '813 patent.

8. Defendant TAK Management, LLC is a limited liability company organized and existing under the laws of California, and having a principal place of business at 30550 Seminole Court, Cathedral City, California 92234. At all times relevant to this lawsuit, TAK made, used, sold, offered for sale, imported and/or distributed infringing products throughout the United States, and used, induced its customers' use of, and/or contributed to its customers' use of the infringing products within the United States to perform one or more of the patented methods disclosed and claimed in the '813 patent.

9. Defendant Start Fresh Recovery, P.C. is a California professional corporation with its principal place of business at 720 N. Tustin Ave., Suite 206, Santa Ana, California 92705. SFR operates many additional treatment clinics across the United States, including other locations in California (70 South Lake Ave., 10th Floor, Pasadena, California 91101), Arizona (7150 E.

Camelback Rd., Suite 444, Scottsdale, AZ 85251), Nevada (501 S. Rancho Dr., Suite H50, Las Vegas, Nevada 89106), Texas (4104 W. 15th St., Suite 202, Plano, Texas 75093), Illinois (8707 Skokie Blvd, Suite 308, Skokie, Illinois 60077), Georgia (3193 Howell Mill Rd., Suite 104, Atlanta, Georgia 30327), and Connecticut (148 East Ave., Suite 1D, Norwalk, Connecticut 06851; and 970 Farmington Ave., Suite 304, West Hartford, Connecticut 06107).  At all times relevant to this lawsuit, SFR made, used, sold, offered for sale, imported and/or distributed infringing products throughout the United States, and used, induced its customers' use of, and/or contributed to its customers' use of the infringing products within the United States to perform one or more of the patented methods disclosed and claimed in the '813 patent.

10. Defendant George Fallieras is, upon information and belief, the owner and the Medical Director of Start Fresh Recovery, P.C.; an owner of TAK Management, LLC; and a resident of California.  At all times relevant to this lawsuit, Dr. Fallieras used, sold, offered for sale, imported and/or distributed infringing products throughout the United States, and used, induced his customers' use of, and/or contributed to his customers' use of the infringing products within the United States to perform one or more of the patented methods disclosed and claimed in the '813 patent.

## THE ASSERTED PATENT

11. The patented inventions embodied in the '813 patent are directed generally to a medical implant, processes for making the implant, and methods of treating patients by utilizing the implant. More specifically, the inventions are directed to opiate antagonist subcutaneous implants, processes for manufacturing the opiate antagonist subcutaneous implants, and methods of treating addiction using the opiate antagonist subcutaneous implants.  Opiate antagonists effectively inhibit the effects of a number of addictive drugs in patients.  Whereas traditional forms of opiate antagonists utilized in treating addiction suffered from the issue of patient non-compliance, the patented opiate antagonist subcutaneous implant provides for a time-lapse release, over desired amounts of time, of therapeutic levels of opiate antagonists.  The patented inventions provide a subcutaneously implantable opiate antagonist that, when implanted in a patient, is effective as a self-sustaining delivery mechanism for its own dissolution and for

1  delivery of opiate antagonists over a desired extended period of time to effectively block the
2  effects of heroin and/or other opiates.  The patented inventions also provide processes for
3  manufacturing the subcutaneously implantable opiate antagonists and methods for treating
4  patients using subcutaneously implantable opiate antagonists.

5        12.      On January 13, 1997, Dr. Lance L. Gooberman filed with the United States Patent
6  and Trademark Office ("USPTO") Provisional Patent Application No. 60/028,605 ("the '605
7  application") directed to his inventions.  On March 31, 1997, Dr. Gooberman filed with the
8  USPTO a non-provisional patent application, U.S. Patent Application No. 08/829,003 ("the '003
9  application"), claiming priority to the '605 application.  On December 15, 1997, Dr. Gooberman
10 filed with the USPTO a non-provisional patent application, U.S. Patent Application No.
11 08/991,025 ("the '025 application"), as a continuation-in-part of the '003 application.  On
12 October 9, 1998, Dr. Gooberman filed with the USPTO a non-provisional patent application, U.S.
13 Patent Application No. 09/169,042 ("the '042 application"), as a continuation-in-part of the '025
14 application.  On March 20, 2001, the USPTO issued the '813 patent from the '042 application.  A
15 copy of the '813 patent is attached as Exhibit 1.

16       13.      MyLife Recovery Centers, Inc. has acquired from Dr. Gooberman an exclusive
17 license to the '813 patent, including the right to make, have made, use, sell, offer for sale and
18 import the patent's claimed subject matter, and to sue for and collect damages for infringement of
19 the '813 patent, past, present, and future.

20 **GENERAL ALLEGATIONS**

21       14.      Defendants are engaged in the business of making, using, distributing, importing,
22 offering for sale, and/or selling subcutaneous opiate antagonist implants that embody patented
23 inventions disclosed and claimed in the '813 patent ("the Infringing Products").  The Infringing
24 Products include, without limitation, Defendants' naltrexone implant products.

25       15.      Additionally, Defendants are engaged in the business of making or having made
26 the Infringing Products according to processes that embody patented inventions disclosed and
27 claimed in the '813 patent.

28       16.      Furthermore, Defendants are engaged in the business of inducing or contributing

to customers' use of Infringing Products and methods of treatment that embody patented inventions disclosed and claimed in the '813 patent ("the Infringing Treatments").

## CLAIMS FOR RELIEF

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1–16, inclusive, of this Complaint with the same force and effect as if set forth at length herein.

18. Defendants have been infringing and continue to infringe the '813 patent by making, having made, using, offering for sale and/or selling directly or through intermediaries, in this district or elsewhere in the United States, the Infringing Products, and/or by importing into the United States the Infringing Products.

19. Defendants have indirectly infringed and continue to indirectly infringe the '813 patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of one or more claims of the '813 patent. Defendants had knowledge of the '813 patent from a time prior to the filing of this complaint. Defendants have actively and knowingly encouraged and induced infringement of one or more claims of the '813 patent, for example, by instructing, aiding, assisting, and encouraging the use of their Infringing Products in an infringing manner, and by selling Infringing Products that have no substantial non-infringing uses to customers who in turn use them to perform one or more of the patented methods disclosed and claimed in the '813 patent. The direct infringers of the '813 patent that are being induced by Defendants include, without limitation, Defendants' customers and patients that are implanted with the Infringing Products.

20. Defendants have also indirectly infringed and continue to indirectly infringe one or more of the claims of the '813 patent under 35 U.S.C. § 271(c) through, among other things, unlawfully selling or offering to sell within the United States, or importing into the United States, the Infringing Products, which products constitute a material part of the claimed inventions of the '813 patent, which Defendants know to be especially made or especially adapted for use in infringement of the '813 patent, and which are not staple articles or commodities of commerce suitable for substantial non-infringing use. The direct infringers for Defendants' contributory infringement under 35 U.S.C. § 271(c) include, without limitation, its customers and users of the

Infringing Products.

21. Defendants infringement of the '813 patent has caused and will continue to cause significant damage to Plaintiff. As a result, Plaintiff is thereby entitled to an award of damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284. Plaintiff is also entitled to recover prejudgment interest, post-judgment interest, costs, and enhanced damages under 35 U.S.C. § 284.

22. Although Defendants had knowledge of the '813 patent before the filing of this Complaint, on information and belief, Defendants nevertheless continued to directly and indirectly infringe the '813 patent, despite an objectively high likelihood that its actions constitute infringement of the '813 patent. Accordingly, on information and belief, Defendants' infringement has been and continues to be willful.

23. As a result of Defendants' infringement of the '813 patent, Plaintiff has suffered irreparable harm and impairment of the value of its patent rights, and is now suffering, and will continue to suffer, the violation of its patent rights unless and until Defendants are permanently enjoined by this Court from infringing the '813 patent under 35 U.S.C. § 283. Plaintiff has no adequate remedy at law and is entitled to a permanent injunction against Defendants and its Infringing Products.

24. On information and belief, this case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Plaintiff is entitled to an award of attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, MyLife Recovery Centers, Inc. prays for relief as follows:

1. Judgment be entered in favor of MyLife against Defendants;

2. MyLife be awarded costs of the suit;

3. MyLife be awarded compensatory and special damages for the infringement of the '813 patent in an amount to be determined at trial, jointly and severally against each of the Defendants;

4. Defendants be preliminarily and permanently enjoined from directly or indirectly infringing the '813 patent;

5. The Court determine that Defendants' infringement is willful and that MyLife is entitled to collect enhanced damages up to three times the actual damages found or assessed;

6. The Court declare this an exceptional case under 35 U.S.C. § 285 and award MyLife its attorneys' fees and costs incurred in connection with this action;

7. The Court otherwise award MyLife its attorneys' fees; and

8. The Court grant such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff MyLife Recovery Centers, Inc. demands a trial by jury on all issues so triable.

Dated: April 30, 2015                MANATT, PHELPS & PHILLIPS, LLP


By: */s/ Steven M. Goldberg*
    Steven M. Goldberg
    Attorneys for Plaintiff
    MyLife Recovery Centers, Inc.